IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

       v.

JACQUELYN R. MARTINSON,

                  Defendant.

ORDER

07-cv-00664-bbc
05-cr-0048-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jacquelyn R. Martinson has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255. She asks for resentencing in light of a decision of the Court of Appeals for the Seventh Circuit that issued after she had been sentenced in this court. Unfair as it will seem to defendant, her motion must be denied because she did not file it before the statute of limitations ran.

Defendant was charged in an information with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. She pleaded guilty to the information and was sentenced on August 3, 2005 to a term of imprisonment of 210 months. In February 2006, she was re-sentenced to a term of 135 months on the government's motion for a reduction of sentence in recognition of her substantial assistance to the government.

1

At both sentencings defendant's guideline calculations included a two-level increase in her offense level for use of minors in the conspiracy because I found that the use of the minors was reasonably foreseeable to defendant.  She never appealed from either sentence.  On February 5, 2007, the Court of Appeals for the Seventh Circuit held in the case of one of her confederates in the cocaine conspiracy that an offender could not receive an increase in her offense level for "use of a minor" unless the offender had directed, commanded or encouraged the minor or brought the minor into the criminal enterprise. "Reasonable foreseeability" that the conspiracy would use minors was not enough.  United States v. Acosta, 474 F.3d 999, 1002-03 (7th Cir. 2007).

Because defendant had the opportunity to appeal from her sentence and failed to take advantage of it, it would be very difficult for her to prevail on a motion for postconviction relief.  Such a motion requires the movant to show cause for not raising the challenge to her sentence on direct appeal as well as the existence of actual prejudice that would result if the issue is not heard.  Simply thinking that it would be futile to appeal a particular issue does not equal "cause."  United States v. Bousley, 523 U.S. 614, 622 (1998).  Defendant's claim was not "so novel that its legal basis [was] not reasonably available to counsel."  Id. (citing Reed v. Ross, 468 U.S. 1, 16 (1984).

However, defendant's motion must be denied for another reason:  its untimeliness. A motion for postconviction relief from a federal conviction or sentence must be filed within

2

one year after the defendant's conviction has become final.  28 U.S.C. § 2255.  (This rule has certain exceptions but none that apply in this case.).  Finality occurs on the day on which the last opportunity for appeal has passed, which in defendant's case would have been 10 days after entry of judgment, when defendant's opportunity for appeal had run.  Even assuming that her re-sentencing gave her a new opportunity to appeal the sentencing guideline issue, defendant's sentence would have become final in mid-February 2007.  She did not file this motion until November 26, 2007, more than nine months too late.  Thus, her motion is barred by the statute of limitations in § 2255.


ORDER

IT IS ORDERED that defendant Jacquelyn R. Martinson's motion for post conviction relief is DENIED as untimely.

Entered this 30th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3